J-S31012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MIGUEL ANGEL LANDRAU-MELENDEZ, | |
| Appellee | No. 1684 MDA 2015 |

Appeal from the PCRA Order August 31, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000309-2010

BEFORE:  SHOGAN, OTT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 15, 2016**

This is an appeal by the Commonwealth of Pennsylvania from an order of the Lebanon County Court of Common Pleas granting Appellee, Miguel Angel Landrau-Melendez, relief pursuant to Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546, in the form of reinstatement of his right to file a petition for allowance of appeal *nunc pro tunc* to the Pennsylvania Supreme Court.  We reverse the grant of PCRA relief because, due to the untimeliness of Appellee's third PCRA petition, the PCRA court lacked jurisdiction to address it.

---

[*]  Retired Senior Judge assigned to the Superior Court.

In a prior PCRA appeal, we summarized the early procedural history of the case as follows:

> In 2010, Appellee was charged with numerous sexually-related offenses stemming from incidents involving two sisters that occurred between November 1, 2009 and February 3, 2010. During the pendency of the charges, Appellee hired Attorney John Kelsey, Esquire (Attorney Kelsey) to represent him. After pretrial maneuvering, Appellee's case was ultimately scheduled for a trial the October 2010 term of criminal court.
>
> A jury was scheduled to be selected in Appellee's case on October 4, 2010. Immediately before jury selection, both counsel asked to meet with the trial court in chambers. This meeting was not recorded, and a difference of opinion now exists with respect to what occurred at it. Attorney Kelsey testified at Appellee's PCRA hearing that the trial court promised that he would not impose a sentence that exceeded a one-year minimum. This did not at all comport with the recollection of the trial court. According to testimony at the PCRA hearing, Attorney Kelsey returned to Appellee following the meeting in chambers. Attorney Kelsey then led Appellee to believe that the trial court would impose a one-year minimum sentence. Attorney Kelsey even advised Appellee that there was a possibility that the sentence could be served in the Lebanon County Correctional Facility instead of a state correctional facility when in fact there was no realistic possibility that a local sentence would ever be imposed.
>
> Appellee decided to enter a plea of guilty. During the guilty plea colloquy, the trial court emphasized that the plea was an open one and that Appellee could be sentenced to anything up to the maximum penalty permitted by law. In addition, the trial court reminded Appellee that he was entering a plea of guilty on the first day of a scheduled jury trial. Because of the prejudice that would be created

- 2 -

to the Commonwealth and its witnesses that would flow from renewed preparation and trial at a later date, Appellee was advised up front that a plea withdrawal at a later date would be extremely unlikely to occur. Effectively, Appellee was advised that his decision to plead guilty would be a final decision. Despite knowing this, Appellee proceeded to proffer his open plea of guilty.

Several days following the plea, Appellee contacted Attorney Kelsey in order to request that a motion to withdraw his guilty plea be filed. Attorney Kelsey acknowledged that Appellee had requested to withdraw his plea.[1] Attorney Kelsey reminded Appellee of the colloquy conducted in court with the trial court. Attorney Kelsey indicated to Appellee that he would not be permitted to withdraw his plea of guilty. Therefore, no motion to withdraw the guilty plea was filed.

Following Megan's Law litigation, Appellee was directed to appear for sentencing. At Appellee's sentencing date, he requested permission to withdraw his plea of guilty. The trial court afforded the Commonwealth time to discern whether it would suffer prejudice as a result of Appellee's withdrawal of this plea. On June 27, 2011, the trial court conducted a hearing. For multiple reasons, the trial court determined that Appellee should not have been permitted to withdraw his plea of guilty. The trial court therefore denied Appellee's request to withdraw his plea.

PCRA Court Opinion, 6/25/13, at 2–4.

_____

[1] We indicated in Appellee's direct appeal that he had written a *pro se* letter to the court requesting to withdraw his guilty plea. Attorney Kelsey, however, did not file a motion to withdraw. **Commonwealth v. Landrau-Melendez**, 2147 MDA 2011, 55 A.3d 152 (Pa. Super. filed July 31, 2012) (unpublished memorandum at 2).

On July 13, 2011, the trial court sentenced Appellee to 18 to 72 months' imprisonment. Appellee filed a timely notice of appeal, and this Court affirmed the judgment of sentence on July 31, 2012. *Commonwealth v. Landrau-Melendez*, [2147 MDA 2011,] 55 A.3d 152 (Pa. Super. [filed July 31,] 2012) (unpublished memorandum). Appellee did not file a petition for allowance of appeal with our Supreme Court.

On October 12, 2012, Appellee filed a timely counseled PCRA petition. The Commonwealth filed its answer on December 3, 2012. The PCRA court conducted a hearing on April 8, 2013. On April 9, 2013, the PCRA court entered an order granting Appellee's petition and ordering a new trial. On May 7, 2013, the Commonwealth filed a timely notice of appeal.

*Commonwealth v. Landrau-Melendez*, 842 MDA 2013, 97 A.3d 804 (Pa. Super. filed February 18, 2014) (unpublished memorandum at 1–4)(footnote omitted).

On appeal to this Court from the order granting relief, the Commonwealth argued, *inter alia*, that the PCRA court erred in concluding that plea counsel was ineffective for failing to file a timely motion to withdraw Appellee's guilty plea. We concluded the PCRA court erred when it determined that plea counsel was ineffective, because the PCRA court's assertions actually demonstrated that it believed there was a reasonable probability that the outcome would **not** have been different if plea counsel had filed a timely written motion. We stated that Appellee failed to prove prejudice and therefore, did not meet his burden to demonstrate eligibility for relief under the PCRA. We held that the PCRA court erred when it granted PCRA relief and ordered a new trial; thus, we reinstated the original

- 4 -

July 13, 2011 judgment of sentence. ***Landrau-Melendez***, 842 MDA 2013

(unpublished memorandum at 7−8, 13).

The present PCRA court continued the relevant procedural history, as

follows:

(6)  On March 30, 2015, [Appellee] filed a second PCRA Petition. We scheduled a hearing regarding this PCRA Petition for July 23, 2015.

(7)  At the July 23, 2015 hearing, the Commonwealth objected to [Appellee's] second PCRA [petition] as untimely.  We initially rejected the Commonwealth's argument based upon testimony of [Appellee's] former counsel provided at the July 23, 2015 hearing.[2]

(8)  On July 27, 2015, we *sua sponte* changed our decision regarding the timeliness of [Appellee's] second PCRA Petition. We therefore granted the Commonwealth's Motion to Dismiss [Appellee's] second PCRA Petition.  In our [c]ourt [o]rder, we indicated that if [Appellee] filed a third PCRA Petition, we would entertain it based upon the factual testimony presented at the July 23, 2015 court hearing.  We included in our [o]rder the following:

> Should the Commonwealth object to the [c]ourt's intent to decide the third PCRA based upon testimony presented at the July 23, 2015 hearing, it will be required to file an objection to the [c]ourt's intent to incorporate testimony by reference within

---

[2]  Prior, first PCRA counsel testified at the July 23, 2015 PCRA hearing relating to Appellee's second PCRA petition that she erroneously filed an untimely petition for allowance of appeal on March 21, 2014, from this Court's February 18, 2014 decision that reversed the grant of PCRA relief and reinstated Appellee's judgment of sentence in the first PCRA appeal. N.T., 7/23/15, at 9−11.  The petition for allowance of appeal and alleged quashal order by the Pennsylvania Supreme Court is not in the record certified to us and is not docketed therein.

ten days following the date on which [Appellee's] third PCRA Petition is filed.[3]

(9) [Appellee] filed a third PCRA Petition on August 10, 2015. Although the Commonwealth filed a response to that third PCRA Petition, the Commonwealth never lodged an objection to the [c]ourt's declared intent to incorporate by reference the testimony presented at the July 23, 2015 court hearing.

(10) On August 31, 2015, we issued a [c]ourt [o]rder to grant [Appellee's] request to file an [a]ppeal with the Supreme Court *nunc pro tunc*.

(11) The Commonwealth filed a timely [a]ppeal of our August 31, 2015 decision. Shortly thereafter, we directed that the Commonwealth file[] a Statement of Errors Complained of on Appeal.

(12) On September 29, 2015, the Commonwealth filed a Statement of Errors Complained of on Appeal. Paragraph 1 alleged that that [Appellee's] third PCRA Petition should have been dismissed as untimely.

PCRA Court Opinion, 10/29/15, at 3–4 (footnote omitted).

The Commonwealth raises a single issue for our review: "Whether [Appellee's] [p]etition for Post-Conviction Relief is untimely?" Commonwealth's Brief at 4. We conclude, for the following reasons, that it is untimely. Thus, the PCRA court was without jurisdiction to consider the merits of the petition.

"In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record

_____

[3] Appellee did not file an appeal from the PCRA court's dismissal of his second PCRA petition as untimely.

supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Matias***, 63 A.3d 807, 810 (Pa. Super. 2013) (citing ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting ***Commonwealth v. Barbosa***, 819 A.2d 81 (Pa. Super. 2003)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015).

The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000). "We have repeatedly stated it is the [petitioner's] burden to allege and prove that one of the timeliness exceptions applies. ***See***, ***e.g.***,

*Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (1999). Whether [a petitioner] has carried his burden is a threshold inquiry prior to considering the merits of any claim." *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013).

In order to be considered timely, a first, or any subsequent PCRA petition, must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

As noted, we affirmed Appellee's judgment of sentence on July 31, 2012. Our review of the record reflects that Appellee's judgment of sentence became final on August 30, 2012, thirty days after the time expired for Appellee to file a petition for allowance of appeal with the Pennsylvania Supreme Court. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113. Pursuant to the PCRA, Appellant had one year, or until August 30, 2013, in which to file a timely PCRA petition. Here, Appellee's third PCRA petition is patently untimely as it was not filed until August 10, 2015.

Nevertheless, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii),

and (iii), is met.[4]  "That burden necessarily entails an acknowledgment by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply." **Beasley**, 741 A.2d at 1261.  "However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented." **Commonwealth v. Walters**, ____ A.3d ____, ____, 2016 PA Super 42 at *2 (Pa. Super. 2016) (filed February 19, 2016) (citing **Commonwealth v. Leggett**, 16 A.3d 1144, 1146 (Pa. Super. 2011), and 42 Pa.C.S. § 9545(b)(2)).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the

_____

[4]  The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

sixty-day time frame" under section 9545(b)(2). ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001).

To characterize the instant case as having a "tortured" procedural path, as did the PCRA court, PCRA Court Opinion, 10/29/15, at 2, is an understatement. We agree with the Commonwealth that Appellee has failed to plead and prove any of the enumerated statutory exceptions. Commonwealth's Brief at 10. Instead, PCRA counsel merely asserted that the third PCRA petition was not untimely, or alternatively, that the prior order of July 27, 2015, holding that the second PCRA petition filed on March 30, 2015, was untimely, was error. PCRA petition, 8/10/15, at ¶ 5. As noted *supra*, Appellee never appealed the PCRA court's decision on July 27, 2015, which concluded that the second PCRA petition was untimely. The propriety of that order is not before us.

As to Appellee's explanation regarding the alleged timeliness of the instant petition, relying upon Pa.R.A.P. 2542 and 42 Pa.C.S. § 9543(b)(3), counsel avers that the "deadline for filing the PCRA Petition was April 4, 2015," fourteen days after the time for seeking reconsideration of the Pennsylvania Supreme Court's quashal of Appellee's untimely petition for allowance of appeal, plus one year. Appellee's Brief at 3–4. The time parameters following disposition of Appellee's first PCRA petition have no bearing on the finality of his judgment of sentence for purposes of PCRA eligibility in this case. As we noted *supra*, Appellee's judgment of sentence

became final on August 30, 2012, thirty days after the time expired for Appellee to file a petition for allowance of appeal with the Pennsylvania Supreme Court following disposition of his **direct appeal**. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113. Thus, pursuant to the PCRA, Appellant had one year, or until August 30, 2013, in which to file a timely PCRA petition.

The PCRA court, likewise, also failed to properly analyze the timeliness of Appellee's present PCRA petition, filed August 10, 2015. The PCRA court, similarly to Appellee, failed to utilize the proper dates concerning when the judgment of sentence became final in this case. The PCRA court stated, "Looking simply at dates on a calendar, we agree that [Appellee] did not file his PCRA [petition] prior to **its due date of March 19, 2015**." PCRA Court Opinion, 10/29/15, at 4–5 (emphasis added). While the PCRA court did not explain its reasoning regarding its belief that March 19, 2015, was the relevant date, it apparently examined the merits of Appellee's ineffectiveness claim[5] in rendering its decision. We remind the PCRA court and Appellee that our Supreme Court has:

_____

[5] In his counseled, third PCRA petition, Appellee asserted that Elizabeth Judd, Esquire, first PCRA counsel, was ineffective in failing to file a timely petition for allowance of appeal to the Pennsylvania Supreme Court following our decision on February 18, 2014, reversing the grant of a new trial and reinstating the original July 13, 2011 judgment of sentence. Additionally, Appellee asserted Ms. Judd's ineffective assistance in advising Appellee in a letter dated March 27, 2014, that a second PCRA petition had to be filed by April 19, 2015. *Landrau-Melendez*, 842 MDA 2013, (unpublished memorandum at 13); PCRA petition, 8/10/15, at ¶ 3 (a), (b); N.T., 7/23/15, *(Footnote Continued Next Page)*

previously rejected attempts to circumvent the timeliness requirements of the PCRA by asserting prior counsel's ineffectiveness for failing timely to raise a claim. ***See Commonwealth v. Lesko***, 609 Pa. 128, 15 A.3d 345, 367 (2011) ("[I]t is well established that the fact that a petitioner's claims are couched in terms of ineffectiveness will not save an otherwise untimely petition from the application of the time restrictions of the PCRA."); ***Commonwealth v. Crews***, 581 Pa. 45, 863 A.2d 498, 503 (2004); ***Commonwealth v. Abu–Jamal***, 574 Pa. 724, 833 A.2d 719, 723 (2003); ***Commonwealth v. Breakiron***, 566 Pa. 323, 781 A.2d 94, 97 (2001); ***Beasley***, 559 Pa. 604, 741 A.2d 1258. As we have explained, the nature of the constitutional violations alleged has no effect on the application of the PCRA time bar. ***Commonwealth v. Wharton***, 584 Pa. 576, 886 A.2d 1120, 1126–27 (2005) (rejecting the claim that the time-bar should not apply to a second petition because the underlying claim involved a constitutional right, holding that "this is nothing more than a convoluted way of attempting to carve out an exception to the jurisdictional timeliness requirements of the PCRA for ineffective assistance of counsel claims"); ***Commonwealth v. Murray***, 562 Pa. 1, 753 A.2d 201, 203 (2000). Rather, the only cognizable exceptions are set forth at Section 9545(b)(1).

***Edmiston***, 65 A.3d at 349. Moreover, it appears the PCRA court was referencing the filing date of the second PCRA petition on March 30, 2015, which the PCRA court previously held was untimely filed. Once again, we note that Appellee did not appeal that order.[6]

_(Footnote Continued)_ ───────────────

at 9–11. In his _pro se_ second PCRA petition, Appellee asserted Ms. Judd was ineffective for failing to file a timely petition for allowance of appeal following our February 18, 2014 decision. PCRA petition, 3/30/15, at ¶ 5(C).

[6] Despite finding that the March 30, 2015 PCRA petition was untimely on July 27, 2015, from which no appeal was filed, the PCRA court, in its August 31, 2015 order granting Appellee's third, and instant PCRA petition, also "granted" Appellee's second PCRA petition that it previously dismissed as untimely. This was error as well.

Even if we overlooked the fact that the PCRA court designated the wrong date concerning when the judgment of sentence became final in this case, its belief that Appellee met the exception outlined in 42 Pa.C.S. § 9545(b)(1)(ii), "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence," also is incorrect. We recently explained the exception in section 9545(b)(1)(ii) requires a PCRA petitioner:

> to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 566 Pa. 323, 330–31, 781 A.2d 94, 98 (2001); *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010), *appeal denied*, 610 Pa. 607, 20 A.3d 1210 (2011). This rule is strictly enforced. *Id.*

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1197 (Pa. 2015).

The PCRA court, relying upon *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. Super. 2007), determined as follows:

> In this case, Attorney Elizabeth Judd provided testimony at a hearing that occurred on July 23, 2015. Attorney Judd testified that she repeatedly advised [Appellee] that his deadline for requesting post-conviction relief would be April 19, 2015. (N.T. 13-15). This was incorrect advice; [Appellee's] actual deadline was March 19, 2015. When [Appellee] filed his PCRA Petition on March 30, 2015, he was within the time deadline communicated to him by Attorney Judd, but he had missed the statutory deadline of March 19, 2015.

- 13 -

PCRA Court Opinion, 10/29/15, at 6.

Referencing 42 Pa.C.S. § 9545(b)(1)(ii) and § 9545(b)(2), this Court reiterated:

> Section 9545(b)(1)(ii) of the PCRA provides that a PCRA petition must be filed within one year of the date on which the judgment of sentence became final, unless the petitioner alleges and proves that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). If the petitioner so alleges and proves, the petition will not be dismissed as untimely if it was "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

*Commonwealth v. Huddleston*, 55 A.3d 1217, 1220 (Pa. Super. 2012). Attorney Judd testified at the July 23, 2015 hearing that she wrote Appellee a letter dated March 27, 2014, informing him that she had missed the deadline to file a petition for allowance of appeal from this Court's February 18, 2014 decision. N.T., 7/23/15, at 12. Moreover, Attorney Judd testified that she contacted Appellee by telephone on September 19, 2014, and she "explained my mistake and kind of went through everything that was outlined in the letter." *Id*. at 13. Thus, at the latest, Appellee was made aware of Attorney Judd's failure to file a petition for allowance of appeal on September 19, 2014. Sixty days from that date was Tuesday, November 18, 2014. Appellee did not file his second PCRA petition until March 30, 2015, and his third petition until August 10, 2015.

Because the instant PCRA petition was untimely and no exceptions were pled or proven, the PCRA court lacked jurisdiction to address the merits

- 14 -

and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Bennett*, 930 A.2d at 1267 ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy."). Therefore, we reverse the August 31, 2015 order and conclude the Lebanon County Common Pleas Court lacked jurisdiction to address the merits of Appellee's third PCRA petition.

Order reversed. Jurisdiction relinquished.

Judge Strassburger joins this Memorandum.

Judge Ott files a Concurring Statement in which Judge Strassburger joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2016